NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>Pacific</u> <u>Reporter</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| LOREN J. LARSON JR.,<br><br>  Petitioner,<br><br>  v.<br><br>STATE OF ALASKA,<br><br>  Respondent. | Court of Appeals No. A-12725<br>Trial Court No. 4FA-01-511 CI<br><br><br>O P I N I O N<br><br><br>No. 2574 — November 9, 2017 |

Original Application for Relief from the Superior Court, Fourth Judicial District, Fairbanks, Niesje J. Steinkruger, Judge.

Appearances: Loren J. Larson Jr., *in propria persona*, Wasilla, for the Appellant. Eric A. Ringsmuth, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Hanley, District Court Judge.[*]

Judge MANNHEIMER.

This case arises from an original application for relief that was filed last year by Loren J. Larson Jr. In November 2016, this Court issued an order denying

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

Larson's original application, and Larson now seeks rehearing of our November 2016 decision.

When this Court denied Larson's original application for relief, we did so in an unpublished order. Nevertheless, we have decided to formally publish our reasons for allowing Larson to file his petition for rehearing, because our decision involves an interpretation of Alaska Appellate Rule 404(f).

Rule 404(f) declares that a litigant may not file "a petition for rehearing of the denial of an original application". As we explain in this opinion, despite the wording of this rule, we conclude that Larson *is* entitled to seek rehearing of our decision denying his original application for relief.

However, the remainder of our decision on rehearing — *i.e.*, our analysis of Larson's specific arguments on rehearing — will be of little interest to anyone other than Larson and the State of Alaska, so we will answer Larson's arguments in an unpublished order.

*The procedural background of this litigation*

Last year, Loren J. Larson filed the current appellate action — an original application for relief under Alaska Appellate Rule 404. In this original application, Larson asked this Court to re-open the proceedings in one of his earlier appeals: *Larson v. State*, File No. A-11835 — an appeal that we decided in January 2016.[1]

We denied Larson's original application for relief in a five-page order issued on November 21, 2016. Larson now seeks rehearing of that November 21st decision.

---

[1]   *See Larson v. State*, unpublished, 2016 WL 191987 (Alaska App. 2016).

*Why Larson is entitled to seek rehearing of our decision denying his original application for relief*

Larson's right to seek rehearing of our decision is seemingly cast in doubt by Alaska Appellate Rule 404(f), which declares that "a petition for rehearing of the denial of an original application may not be filed."

Although this rule appears to prohibit a party from seeking reconsideration of *any* order denying an original application, we conclude (for reasons we are about to explain) that Appellate Rule 404(f) applies only to orders that deny an original application without reaching the merits of the petitioner's claims — and that the rule does not apply in cases where the appellate court issues a decision on the merits of the petitioner's claim, but denies relief.

Original applications for relief are requests for an appellate court to exercise its power of discretionary review in cases where the party has no right of appeal and no right to petition for review under Appellate Rule 402. [2]

Procedurally, original applications are handled very much like petitions for review under Appellate Rule 402 — because, in both instances, a party is asking the appellate court to exercise its power of discretionary review. The appellate court considers the petition or application (and any opposition), and then the court decides whether it will (1) deny the petition or application without reaching the merits of the petitioner's claim or, instead, (2) grant the petition or application, in the limited sense of agreeing to resolve the merits of the petitioner's claim — but without any guarantee that the court's ultimate resolution of the claim will favor the petitioner. [3]

---

[2] *See* Appellate Rule 404(a)(1).

[3] *See* Appellate Rules 403(f) and 404(e).

If the appellate court decides to grant a petition for review or an original application, the court will often call for fuller briefing of the petitioner's claim. But there are instances where the court "grants" the petition or application (in the sense of agreeing to reach the merits of the petitioner's claim) and then, without further briefing, issues an order resolving the merits of the case. In those circumstances, even when the court's order resolves the case by denying *the relief* that the petitioner has requested, the petition or application has still technically been "granted", in the sense that the court has reached the merits of the petitioner's claim.

Like Appellate Rule 404(f) (which deals with original applications), there is a provision of Appellate Rule 403 — specifically, Rule 403(g) — which declares that when an appellate court denies a petition for review, "a petition for rehearing of the denial of [the] petition for review may not be filed". But Appellate Rule 403(g) has not been construed to prohibit petitions for rehearing in cases where an appellate court grants the petition, reaches the merits of the petitioner's case, and denies *relief*. Rather, the Alaska Supreme Court has allowed rehearing in such cases — *i.e.*, cases where a petition for review was granted but later, upon consideration of the merits of the case, the court denied the relief that the petitioner was requesting.

For example, in *State v. Glass*, 583 P.2d 872 (Alaska 1978), the supreme court granted the State's petition for review of a suppression ruling issued by the trial court, but when the supreme court reached the merits of the case, the supreme court affirmed the trial court's ruling — *i.e.*, the supreme court issued a decision denying the relief that the State had requested. The State then sought rehearing. Instead of declaring that the State was barred from seeking rehearing, the supreme court considered the State's arguments and issued a formal opinion on rehearing: *State v. Glass*, 596 P.2d 10 (Alaska 1979). Thus, the supreme court granted the State's petition for rehearing even though, in its first opinion, the court had denied the State's request for relief.

We conclude that Appellate Rule 404(f) should be construed the same way. Appellate Rule 404(f) declares that no party may seek rehearing "of the denial of an original application". We interpret this rule to mean that when a party files an original application for relief and the appellate court votes to deny the application *without reaching the merits of the party's claim*, the parties are prohibited from seeking rehearing of the court's decision. But when the appellate court takes the case and resolves the merits of the petitioner's claim by denying relief, the petitioner (or the respondent, for that matter) can seek rehearing of the appellate court's decision on the merits.

We reach this conclusion for two reasons.

First, as just explained, the Alaska Supreme Court has allowed petitions for rehearing in analogous circumstances in petition for review cases, even though Appellate Rule 403(g) contains a corresponding prohibition on petitions for rehearing "of the denial of a petition for review".

Second, when an appellate court resolves the merits of a legal controversy in an opinion or other final order, there appears to be no good reason to insulate the court's decision from rehearing simply because the case came to the court as a petition for review or as an original application for relief, rather than as an appeal. Having declared the law and resolved the merits of the controversy, the appellate court has the same interest in making sure that its decision is not based on a material misunderstanding of the facts or the law.

The remaining question in Larson's case, then, is whether this Court's order of November 21st — our "Order Denying Original Application" — was a decision on the merits of Larson's claim. There is little doubt that it was. Our order is five pages long; it contains both a detailed description of the relevant procedural history of Larson's case and an explanation of why this Court concluded that Larson was not entitled to the relief that he was seeking.

For these reasons, we conclude that Larson is entitled to seek rehearing of this Court's order of November 21, 2016, denying his original application for relief.

*The merits of Larson's arguments on rehearing*

As we explained at the beginning of this opinion, Larson's arguments on rehearing, and our analysis of those arguments, will be of little interest to anyone other than Larson and the State of Alaska. We have therefore decided to answer Larson's arguments in an unpublished order.